**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONALD WAYNE TELEPO, JR., : | |
| : | CIVIL ACTION NO. 06-1722 (MLC) |
| Plaintiff, : | |
| : | **MEMORANDUM OPINION** |
| v. : | |
| : | |
| STATE OF NEW JERSEY OFFICE OF : | |
| PUBLIC DEFENDER et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES**:

> RONALD WAYNE TELEPO, JR., pro se, Prison # 15061
> Warren County Correctional Center, Belvidere, N.J. 07823

**COOPER, District Judge**

Plaintiff, who is confined at the Warren County Correctional Center, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his affidavit of indigence and institutional account statement. See 28 U.S.C. § 1915(a). Plaintiff also submitted for filing the Complaint, which lists as defendants: (1) State of New Jersey, Office of the Public Defender; (2) Bruce C. Farrier, Deputy Public Defender; (3) Rachelle C. Jones, Public Defender; (4) Donald F. Cox, Public Defender; (5) Gregory R. Mueller, Sussex County, Prosecutor's Office; (6) Marshal L. Gates, a private counsel; (7) Warren County Board of Chosen Freeholders; (8) Warren County Bar Association; (9) Warren County Sheriff's Department; and (10) Sal Simonetti, Warren County Sheriff. He alleges that Defendants conspired to deprive him of the right to

effective assistance of counsel by creating cramped conditions at his place of confinement. (Compl., at 3.) He alleges that as criminal defendants must "meet with [their] attorneys in the presence of law enforcement [and] correctional officers, [and] there is no specific area designated for confidential communications between . . . defendant[s] and [their] attorney[s], Plaintiff feels a prima[]facie claim has been presented that displays a persistent maladministration [sic] which frequently and systematically has denied . . . Plaintiff . . . effective assistance of counsel."[1] Id. at 3-4.

Plaintiff seeks "punitive[,] as well as compensatory damages in the amount of two million dollars [and] a preliminary injunction to have the deplorable conditions [causing ineffective assistance of counsel] changed." Id. at 5.

## DISCUSSION

**A. Standard of Review**

The Prison Litigation Reform Act ("PLRA") was enacted "primarily to curtail claims brought by prisoners under 42 U.S.C.

---

[1] Plaintiff cannot raise claims on behalf of other inmates. A "next friend" has standing to file a claim on behalf of someone who is unable to do. Whitmore v. Arkansas, 495 U.S. 149, 154-55 (1990). Those seeking "next friend" standing must: (1) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate . . . and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest"; and (2) "provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." Id. at 163-64. Here, other inmates can bring their own claims.

§ 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. But in determining a complaint's sufficiency, the Court must construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

**B.   Color of Law Requirement**

A plaintiff under 42 U.S.C. § 1983 must establish that the defendant acted under color of state law to deprive him of a right

secured by the federal Constitution or laws.  See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).  Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal rights.  See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  Therefore, Plaintiff must allege that each defendant (1) acted under color of state law and (2) deprived him of a federal right.  See Groman, 47 F.3d at 633.

The color of state law "is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law."  Id. at 638.  Thus, the conduct allegedly causing the deprivation of a plaintiff's rights must be "fairly attributable to the State."  Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982).  For the conduct to be fairly attributable to the State, (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State or (b) a rule of conduct imposed by it or a person for whom the State is responsible, and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State.  See id. at 936-39.

Neither privately-retained counsel nor a court-appointed public defender who performs a lawyer's traditional function as

counsel to a defendant in a criminal proceeding is acting under color of law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Whether court appointed or privately retained, a defense attorney represents only the client, not the state. See Johnson v. Kafrissen, 1995 U.S. Dist. LEXIS 8072, at *2 (E.D. Pa. June 5, 1995). The only exception lies if a defense counsel conspires with state actors with the specific intent to violate a right protected under § 1983. See Williams v. Fedor, 69 F.Supp.2d 649, 665-66 (M.D.Pa.), aff'd, 211 F.3d 1263 (3d Cir. 2000); see also Pkwy. Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993) (plaintiff must show two or more conspirators agreed to deprive him of constitutional right under color of law).

But Plaintiff expressly states that the Bar Association is suing the Board of Chosen Freeholders on behalf of all attorneys. (See Compl., at 4 (asserting "Warren County Bar Association has filed suit against Warren County Board of Chosen Freeholders").)[2] As Plaintiff's own submission negates the possibility of a

---

[2] Plaintiff's assertion is correct. In June 2005 the Warren County Bar Association brought an action against the Board of Chosen Freeholders alleging that (1) the courthouse in Belvidere was unsafe and overcrowded, and (2) lacking a conference room in the building, attorneys had to meet with clients in stairwells and bathrooms. See Mary P. Gallagher, Overcrowding and Safety Concerns At Warren Courthouse Prompt Suit, N.J.L.J. (Aug. 1, 2005). In September 2005, the New Jersey Superior Court dismissed the complaint, concluding that the judiciary was constitutionally prohibited from forcing another branch of government to spend the public's money on a particular project. See Warren County Bar Ass'n v. Bd. of Chosen Freeholders, MER-L-2091-05 (Sep. 9, 2005), reprinted in, N.J. Lawyer, Vol. 14, No. 40.

conspiracy, the Court holds that public and private defense counsel, and the Bar Association, are not state actors here.[3]

**C.   Abstention Doctrine**

Plaintiff's claims also are precluded by the doctrine of Younger abstention, see Younger v. Harris, 401 U.S. 37 (1971), which "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).  The doctrine "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Ct. of Com. Pleas, Del. County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992).  Comity concerns are heightened when an ongoing state criminal proceeding is involved. See id.  The specific elements of Younger abstention are that

---

[3] Moreover, Plaintiff's allegation of a broad conspiracy among the Bar, public defenders, private counsel, prosecutors, sheriff's office and the Board of Chosen Freeholders is frivolous under 28 U.S.C. § 1915(d).  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); accord Simmons v. Payne, 2006 U.S. App. LEXIS 6796 (5th Cir. Mar. 17, 2006) (assertion of vast conspiracy by all levels of state government and federal government was manifestly frivolous); Noble v. Becker, 2004 U.S. Dist. LEXIS 480 (D. Del. Jan. 15, 2004) (claims that government officials and others engaged in vast conspiracy to violate constitutional rights was delusional); Green v. Seymour, 59 F.3d 1073 (10th Cir. Okla. 1995) (claim that all judges of circuit and an attorney conspired to deny prisoner's access to court was properly denied as frivolous); O'Neal v. Unknown Oakland Circ. Judge, 2006 U.S. Dist. LEXIS 9972 (W.D. Wis. Mar. 13, 2006) (where the claim asserted prolonged judicial conspiracy, the "allegations ha[d] a paranoid quality that ma[de] them difficult to accept as true").

there are ongoing state proceedings that (1) are judicial in nature, (2) implicate important state interests, and (3) afford an adequate opportunity to raise federal claims. Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).

All three Younger criteria are met here. Plaintiff's claim concerns a pending criminal case and, hence, implicates important state interests. As Plaintiff is attempting to raise issues concerning effectiveness of counsel, the state forum affords an adequate opportunity to raise this federal law issue.[4] Conversely, a favorable judgment from this Court would necessarily imply the invalidity of a possible future conviction. See Strickland v. Washington, 466 U.S. 668 (1984).

Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," Younger, 401 U.S. at 46, or there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." Id. at 54. But "only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief . . . appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971).

---

[4] Plaintiff has not asserted that he is unable to present his federal claims in his related state court proceedings. The Court assumes that the state proceedings will afford an adequate remedy. See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995) ("Initially, we must presume that the state courts are able to protect the interests of . . . plaintiff[s].")

Since Plaintiff has not asserted any circumstances that would bring this case within an exception to the <u>Younger</u> doctrine — the Complaint is silent as to the possibility of an irreparable injury, as well as to any bad faith harassment or prosecution — Plaintiff's claim for injunctive relief is precluded.

Plaintiff also seeks to recover damages. Claims for damages which would necessarily imply the invalidity of a future conviction on pending criminal charges are not cognizable. As stated in <u>Smith v. Holtz</u>, 87 F.3d 108, 113 (3d Cir. 1996):

> [Section] 1983 actions are subject to the "hoary principle" that civil tort actions are not the appropriate vehicle for challenging the validity of convictions and sentences. The express objectives of this holding were to preserve consistency and finality, and to prevent "a collateral attack on [a] conviction through the vehicle of a civil suit." . . . We find that these concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.

<u>Holtz</u>, 87 F.3d at 113 (emphasis removed).

Dismissal of the claims here for monetary relief, which necessarily depend on the outcome of an ongoing criminal case, is thus warranted. It would be an improper interference with the pending state criminal proceeding if the Court were to award

Plaintiff damages based upon his claim of constitutional rights violations.  The adjudication of Plaintiff's constitutional claims here would require the Court to address issues relevant to the disposition of the state criminal charges, that is, to find that Plaintiff was deprived of effective assistance of counsel, thereby impermissibly interfering with the pending state criminal proceeding.  A federal court cannot "invite a flanking movement against the system of state courts by resort to the federal courts to litigate constitutional defenses in civil rights damage actions, thereby subverting the orderly functioning of the state criminal process[, as such] suits would introduce an element of uncertainty in state criminal proceedings and would expose every state criminal justice system to insupportable disruption."  <u>Clark v. Zimmerman</u>, 394 F.Supp. 1166, 1174 (M.D. Pa. 1975).  Thus, Plaintiff's claims will be dismissed.

## **CONCLUSION**

The Court grants Plaintiff's application to file the Complaint without prepayment of the filing fee and dismisses the Complaint.  The Court will issue an appropriate order and judgment.

                                         s/ Mary L. Cooper
                                         **MARY L. COOPER**
                                         United States District Judge